UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN C. CARVER,<br><br>        Plaintiff,<br><br>   v.<br><br>ALBERTO R. GONZALES, UNITED STATES ATTORNEY GENERAL,<br><br>        Defendant. | No. C06-1045MJP<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 5). Having reviewed the parties' briefing, as well as all pertinent documents and exhibits, the Court DENIES Defendant's motion, without prejudice to renewal. The Court ORDERS the parties to conduct a settlement conference with a neutral third party prior to filing any further motions in this case. The parties will file a joint status report containing the date of the settlement conference within ten (10) days of the date of this order. The Court also GRANTS Plaintiff's request to strike new arguments raised for the first time in sections III.A and III.B of Defendant's reply brief.

**Background**

Plaintiff John Carver is seeking a Writ of Mandamus from this Court ordering Defendant Alberto R. Gonzales to process Plaintiff's retirement from the Department of Justice ("DOJ"), and to forward his retirement paperwork to the United States Office of Personnel Management ("OPM").

ORDER - 1

Plaintiff worked 17 years for the DOJ before leaving in December 1994. In June 1996, Plaintiff applied to return to the United States Attorney's Office ("USAO") in Seattle as an Assistant United States Attorney ("AUSA"); however, the USAO hired a younger attorney instead. Plaintiff sued the DOJ for age discrimination. On September 25, 2002, the EEOC held that the DOJ had discriminated against Plaintiff based on his age and ordered DOJ to hire Plaintiff as an AUSA.

DOJ appealed the decision to the Office of Federal Operations ("OFO"), the appellate body for the EEOC in federal sector claims. On August 8, 2005, the OFO affirmed the findings of age discrimination. By a letter dated October 11, 2005, Mark Bartlett of the Seattle USAO offered Plaintiff a position as an AUSA, which he accepted on November 8, 2005. In December 2005, Mr. Bartlett sent Plaintiff an early retirement plan, under which Plaintiff would be considered to have been hired retroactively on September 29, 1996, and then to have retired from DOJ as of June 1, 2005. Plaintiff accepted retirement, and DOJ paid him $262,304.16 in back pay on January 6, 2006.

On February 7, 2006, Andrew Niedrick, an attorney with the Executive Office for United States Attorney ("EOUSA"), informed Plaintiff that the processing of his federal retirement was dependent upon payment of the amounts DOJ claimed Plaintiff owed as an offset against his back pay award. Plaintiff filed a Petition for Enforcement with the EEOC on February 28, 2006, asking the EEOC to clarify the back pay offset issues. Neither side, however, has submitted a copy of the Petition for the Court to review. To date the EEOC has not issued a decision on the Petition.

Plaintiff has now been "retired" for more than one year (since June 1, 2005). He has not received payment of his retirement annuity, and he has not been admitted to the Federal Employees Health Benefits program. Plaintiff asks the Court to issue a Writ of Mandamus to compel Defendant to process his retirement from DOJ, and to forward it to the OPM.

ORDER - 2

**Analysis**

**I.      Standard for Motion to Dismiss**

Defendant has moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  For a motion to dismiss, material allegations are taken as true, and courts must construe the complaint in the light most favorable to the plaintiff.  Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983).  A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) addresses the court's subject matter jurisdiction.  In determining subject matter jurisdiction, courts may consider materials outside the pleadings.  Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996).

On a 12(b)(6) motion, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005).

**II.     Ripeness and Exhaustion**

Defendant argues that the Court should dismiss Plaintiff's complaint on ripeness and exhaustion grounds.

**A.     Ripeness**

Courts are traditionally reluctant to exercise jurisdiction over administrative determinations unless they "arise in the context of a controversy 'ripe' for judicial resolution."  Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967).  The ripeness doctrine prevents courts "from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized."  Id. at 148.  To determine ripeness, courts evaluate "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."  Id. at 149.  For "fitness," courts look at whether the agency's actions or inactions challenged in the lawsuit are "final," and whether the issues presented are primarily legal as opposed to factual.  Id. at 149-51.  Unripe claims are properly dismissed under Fed. R. Civ. P. 12(b)(1).  Bland v. Fessler, 88 F.3d 729, 732 n.4 (9th Cir. 1996).

ORDER - 3

The record presented is insufficient for the Court to decide the issue of ripeness. Both parties focus on the Petition for Enforcement to argue ripeness. Defendant argues that the Petition makes the complaint unripe because the calculation of the retirement annuity and the processing of paperwork depend on the resolution of the offset issue. Hence, Defendant argues that for the Court to order the processing of paperwork before the EEOC rules on the offset issue would be to interfere with an agency action that is not final. Plaintiff, in contrast, argues that the resolution of the Petition will not affect the calculation of retirement annuity or the processing of paperwork, and that the Court need not wait for a final decision from the EEOC because the complaint and the Petition are two separate actions. However, the Court is unable to properly evaluate either party's argument because the Petition is not in the record for review. Therefore, the Court declines to decide the ripeness issue on the record presented.

**B.     Exhaustion**

Reiter v. Cooper defines the doctrine of exhaustion of administrative remedies as "[w]here relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts, and until that recourse is exhausted, suit is premature and must be dismissed." 507 U.S. 258, 269 (1993). There are two types of exhaustion: mandatory and prudential. Mandatory exhaustion does not apply in this case because Defendant has not argued a congressional requirement for exhaustion. Absent mandatory exhaustion, courts may require prudential exhaustion if: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the exhaustion requirement would encourage deliberate bypass of the administrative scheme; and (3) administrative review is likely to enable the agency to correct its own mistakes and preclude the need for judicial review." Montes v. Thornburgh, 919 F.2d 531, 537 (9th Cir. 1990).

On the record presented, the Court will not require prudential exhaustion. It is possible that the EEOC's expertise is necessary; a relaxation of exhaustion may encourage deliberate bypass of the

ORDER - 4

administrative scheme; or an administrative review is likely to enable the agency to correct its own mistakes. However, the Court cannot make any of the determinations above without reviewing the Petition for Enforcement and establishing the exact nature and scope of the Petition. Therefore, the Court will not consider prudential exhaustion until it reviews the Plaintiff's Petition for Enforcement.

### III.     Plaintiff's surreply to strike

Plaintiff has filed a surreply asking the Court to strike new arguments Defendant raised for the first time in sections III.A and III.B of his reply. The Court grants this request. It is well-established that courts will not consider new arguments raised for the first time in a reply brief. <u>Lentini v. California Center for the Arts, Escondido</u>, 370 F.3d 837, 843 n.6 (9th Cir. 2004).

### Conclusion

The Court cannot decide the issues of ripeness and exhaustion on the record before it. Accordingly, the Court denies Defendant's motion, without prejudice to renewal. The Court grants Plaintiff's request to strike new arguments raised for the first time in sections III.A and III.B of Defendant's reply. Additionally, before any further motions are filed in this case, the Court will require the parties to conduct a settlement conference with a neutral third party. The parties must file a joint status report containing the date of the settlement conference within ten (10) days of the date of this order.

The Clerk is directed to send copies of this order to all counsel of record.

Dated:   November 30, 2006

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge